IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LESLIE COX, an individual,

        Plaintiff,

   v.

GRAEBEL/OREGON MOVERS, INC.,
an Oregon corporation,

        Defendant.

No. 03:11-CV-87-HZ

OPINION & ORDER

James L. Francesconi
Matthew E. Malmsheimer
Michael K. Kelley
Haglund Kelley Horngren Jones & Wilder, LLP
200 SW Market Street, Suite 1777
Portland, OR 97201

    Attorneys for Plaintiff

1 - OPINION & ORDER

Walter H. Sweek
Paul A.C. Berg
Cosgrave Vergeer Kester, LLP
500 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

     Attorneys for Defendant

HERNANDEZ, District Judge:

Defendant moves for partial summary judgment on Plaintiff's first claim for relief–violation of Oregon's Employer Liability Act, ORS § 654.305. I grant the motion.

## BACKGROUND

Plaintiff Leslie Cox worked as a carpenter for CSI Interior Contractors, Inc. Pl.'s Opp. to Def.'s Mot. for Partial Summ. J. ("Cox Opp."), 2. Mentor Graphics hired CSI to assist with relocating and reconfiguring offices at Mentor's Wilsonville headquarters. Id. at 3. The work consisted of subdividing larger work areas to create smaller offices or consolidating smaller work areas to create larger work areas. Id. Since 2002, Mentor has hired Defendant Graebel/Oregon Movers, Inc. to provide storage and moving services. Decl. of Joel Langbehn in Supp. of Def.'s Mot. for Summ. J. ("Langbehn Decl.") ¶2. Graebel stored desks, chairs, cubicle walls, interior doors, and other similar office furniture at its storage facility in Wilsonville. Id. at ¶3. Twice a week on a regular basis, Graebel moves items from its storage facility to Mentor's offices, and moves items from Mentor's offices to Graebel's storage facility. Id. at ¶4. Graebel stored items at its facility for other companies as well. Brewer Dep. 20:18-21:7, May 24, 2011, attached as Ex. 1 to Decl. of Paul Berg in Supp. of Mot. for Partial Summ. J. ("Berg Decl.").

In April 2009, CSI was working on a project to construct conference rooms and add an

office.  Brewer Dep. 25:10-15, attached as Ex. 1 to Decl. of Matthew Malmsheimer in Supp. of Cox Opp. ("Malmsheimer Decl.").  The project required constructing metal stud walls, ceilings, and sheet rock work.  Id. at 25:16-26:2.  On April 7th, plaintiff Cox and his foreman Marshall Brewer went to Graebel's storage facility to select doors for the project.  Cox Dep. 18:5-14, May 23, 2011, attached as Ex. 2 to Berg Decl.  As was customary, Cox and Brewer checked in at the storage facility and were escorted by a Graebel employee to the area where Mentor's doors were stored.  Id. at 18:5-19:3.  The doors were stored by leaning them against the wall, such that only one door's surface could be seen at a time.  Brewer Dep. 22:1-5, attached as Ex. 1 to Berg Decl.  Cox set aside the first door in the stack because it was defective.  Cox Dep. 19:8-20.  Cox then inspected the second door.  He checked the top of the door by holding the door and walking backwards.  Id. at 21:4-7.  Brewer asked Cox to check the finish of the front surface, so Cox began walking forward with the door and pushing it back up.  Id. at 21:8-11.  As Cox was pushing the door upright, the stack of doors began falling forward on top of Cox.  Id. at 21:13-16.  Cox sustained several injuries as a result of the accident.  Id. at 36:8-16.

Plaintiff Cox brought the following claims against Defendant Graebel: (1) violation of Employer Liability Law, ORS § 654.305, (2) negligence per se, and (3) negligence.  Compl. at 6-9.  Graebel's motion for summary judgment concerns only Cox's first claim–violation of ORS § 654.305.

STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial responsibility of informing the court of the basis of its motion, and

identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court views inferences drawn from the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. Long v. City & County of Honolulu, 511 F.3d 901, 905 (9th Cir. 2007).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

Oregon's Employer Liability Act, ORS § 654.305 et seq., is designed to "protect workers in hazardous employment from the negligence of their employers, or those having some relation to the work or place of work or means required to prosecute the work in which they are engaged, and not as a substitute generally for injuries for which other statutes or the common law afford

redress." Drefs v. Holman Transfer Co., 280 P. 505, 507 (Or. 1929).  The Act states:

> Generally, all owners, contractors or subcontractors and other persons having charge of, or responsibility for, any work involving a risk or danger to the employees or the public shall use every device, care and precaution that is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices.

ORS § 654.305.  Before a duty is imposed, a person must have "charge of" or "responsibility for" work that involves "a risk or danger to the employee".  Id.  Under ORS 654.305, it is not necessary that the defendant be a "direct employer" of the injured plaintiff. Wilson v. Portland General Electric Co., 448 P.2d 562, 565 (Or. 1968).  There are three kinds of cases in which a defendant employer owes a duty to a someone who is not a direct employee: (1) "defendant and plaintiff's employers are simultaneously engaged in carrying out work on a common enterprise", (2) defendant "employs a contractor to do the work but retains sufficient right of control over the manner in which the work is conducted", and (3) defendant "hires a contractor to do the work and retains no right to control the manner or method in which the work is conducted, but nevertheless actually exercises control".  Id.

I.      Common Enterprise

As applied to the facts here, both parties agree that only the first kind of case–"common enterprise"–may be applicable.  Def.'s Memo. in Supp. of Mot. for Partial Summ. J. ("Graebel MSJ"), 12; Cox Opp., 12 n.1.  Common enterprise has been further defined as

> [w]hen, *as the result of the activities of defendant's employees or use of his equipment*, a risk of danger is created which contributes to an injury to plaintiff who is the employee of another *engaged in work on the same project, defendant has been considered to have sufficient control over the work* to be subject to the duties imposed by the Act.  This is so even though he might not have had actual

control over the specific activity in which plaintiff was engaged at the time of his injury.

Wilson, 448 P.2d at 565 (citing Thomas v. Foglio, 385 P.2d 1066, 1071 (Or. 1961). (emphasis added).

The Oregon Supreme Court has set out the following test to determine whether liability is created by a common enterprise: (1) the defendant and plaintiff employers participate in a project of which defendant has an integral or component part, (2) the work must involve a risk or danger to the employees or public, (3) plaintiff must be an "employee" of the defendant employer, and (4) defendant employer must have charge of or responsibility for the activity or instrument that caused plaintiff's injury. Sacher v. Bohemia, Inc., 731 P.2d 434, 440 (Or. 1987). Under the third element of this common enterprise test, plaintiff is considered defendant's "employee" if the employee is "adopted", "intermingled", or works for an independent contractor hired by the defendant employer that retains the right to control the risk creating activity or instrument. Id. (citations omitted). An "adopted" employee is a someone who "perform[s] work on a project of which defendant's operations are an integral part." Thomas, 358 P.2d at 1068. An "intermingled" employee occurs when "defendant's interlocking interests with the [plaintiff's] employer amount to 'an intermingling of duties and responsibilities'". Myers v. Staub, 272 P.2d 203, 206 (Or. 1954).

I now address whether the circumstances surrounding Cox's injury meets the common enterprise test, such that Graebel is liable under the Oregon Employer Liability Act, ORS § 654.305. As an initial matter, Graebel's argument is limited to the first two elements of the common enterprise test: (1) whether Graebel participated in a project with CSI and had an

integral or component part of the project and (2) whether the work involved a risk or danger to Cox or the public. Graebel MSJ, 13-14. I will limit my analysis to these arguments.

  A.  Integral or Component Part of Project

A defendant employer is an integral or component part of plaintiff employer's project if there is "co-operative conduct in accomplishing a task" in which both are interested. Thomas, 358 P.2d at 1069 (citations omitted). The level of participation "must be more than a common interest in an economic benefit which might accrue from the accomplishment of the task". Id. (citations omitted). The defendant employer "must actively join in a physical way in carrying on the particular work which produces the injury." Id. (citing Johnson v. Timber Structures, Inc., 281 P.2d 723, 725 (Or. 1955)). There also must be an "intermingling" of operations, duties, and responsibilities between the defendant and plaintiff's employer. Id.

Here, Cox was working on a project to build conference rooms and an office for Mentor. Graebel asserts that it was not a part of this project nor aware of the project details. Graebel MSJ, 13. Mentor hired Graebel for storage and moving services, independent of any projects for which CSI had been hired. Id. Graebel points out that there was no operational intermingling of employees, duties, or responsibilities of Graebel and CSI employees. Id. Graebel's interaction with CSI was limited to showing CSI's employees where items were stored and then delivering the items to Mentor.

Cox disagrees and counters that there was an intermingling of duties and responsibilities among the Graebel and CSI employees. Cox Opp., 13. Cox argues that the doors were necessary for the project, that CSI frequently visited Graebel's storage facility, that the project could not have been completed without access to Graebel's storage facility, and that Graebel had exclusive

control over the doors.  Id. at 13-14.

I do not agree with Cox that there was an intermingling of duties and responsibilities between Graebel and CSI.  Graebel owed duties and responsibilities to Mentor, not CSI.  The facts cited by Cox show that Graebel had possession of items that CSI needed to complete its project for Mentor.  It is true that Graebel's employees showed CSI's employees where items were located in its storage facility.  But there is no evidence that Graebel's employees were involved in the actual construction of the conference rooms or the addition of an office or that Graebel's employees assisted with the selection of items that were needed for the project.  There is no genuine issue of material fact regarding whether Graebel had an integral or component part in CSI's project.  Based on this ruling alone, there is no liability under ORS § 654.305.

  B. Risk or Danger to Employees

The second element of the common enterprise test requires that the work involves a risk or danger to employees.  "'[R]isk' or 'danger' refers to conditions of the work that create the possibility that a worker will suffer harm."  Woodbury v. CH2M Hill, 61 P.3d 918, 922 (Or. 2003).  The scope of the "work" must also be defined.  Id.  "Ordinarily, whether or not an employment involves risk and danger is a jury question, but where the court can say that the facts, as a matter of law, do not involve inherent risk and danger, it is its duty to so rule."  Wells v. Nibler, 221 P.2d 583, 584 (Or. 1950).  For an employee to recover under ORS § 654.305, the work must have "inherent risk or danger".[1]  Wells, 221 P.2d at 584 (citing Williams v. Clemen's

---

[1] "Although, . . .all work involves risk and danger, after bestowing careful attention upon the ambit of the words just quoted, held that they apply only to employments which are inherently dangerous."  Barker v. Portland Traction Co., 173 P.2d 288, 294 (Or. 1946) (citations omitted).

8 - OPINION & ORDER

Forest Products, Inc., 216 P.2d 241, 243 (Or. 1950); see also Union Oil Co. v. Hunt, 111 F.2d 269, 274-275 (9th Cir. 1940) (Oregon's Employer Liability Act "applies only to employments involving a risk or danger, and which are inherently dangerous, whether due to or caused by machinery or otherwise, and comprehends hazardous occupations in general, specifically enumerated or otherwise.").

 In Wells, the employee had climbed up a tree to saw off some limbs. The employee was about 20 feet from the ground when the tree limb he was cutting broke off prematurely, caught his foot, and broke his leg. Wells, 221 P.2d at 583. The court held that sawing off a tree limb was not inherently risky or dangerous. Id. at 585; see also Short v. Federated Livestock Corp., 383 P.2d 1016, 1019 (Or. 1963) (feeding hogs is not inherently dangerous, regardless of how the circumstances of how the feeding occurred). In Short, the court reasoned that ORS § 654.305 was meant to address risks or dangers that were not readily ascertained. "The danger that confronts a hog feeder is patent and lies directly before him. It is materially different from that which is presented by electrical wires, power driven machinery, unenclosed floor openings and unstable scaffolding." Short, 383 P.2d at 1019.

 Here, Graebel contends that the scope of Cox's work was the "inspection and selection of interior commercial doors"–which does not involve inherent risk or danger. Graebel MSJ, 14. In contrast, Cox asserts that the context, circumstances, and conditions in which the work occurred must be taken into account. Cox Opp., 17. Cox cites to Woodbury, in which the Supreme Court disagreed with the Court of Appeals's description of the work as "moving the boards to facilitate disassembly of the platform." Woodbury, 61 P.3d at 922. The Woodbury Court reversed that finding because it was not an accurate description of the work involved. Id. The work actually

9 - OPINION & ORDER

involved assembly and disassembly of a platform at a great height over concrete. Id. Likewise, Cox wishes the Court to consider facts such as how the doors were stored, the weight and number of doors, etc. Id. Graebel disagrees and urges the Court to follow Short, arguing that any element of the work that relates to defendant's alleged negligence should not define the scope of the work because it is not "inherent". I agree with Graebel that the scope of the work in which Cox was involved was the inspection and selection of commercial doors–which as a matter of law, does not involve any inherent risks or dangers. Woodbury is not in conflict, as the Court recognized the inherent risk and danger involved with working at a great height. Woodbury, 61 P.3d at 922. Viewing the facts in the light most favorable to Cox, I do not find that the inspection of doors is work that involves a risk or danger. As to whether the doors were stored properly, that is a separate question of negligence, which Cox has also alleged against Graebel.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

10 - OPINION & ORDER

CONCLUSION

In summary, Graebel is not liable under ORS § 654.305 via the common enterprise test. I find that Graebel did not have an integral or component part of CSI's project and that the inspection and selection of commercial doors is not work that involves a risk or danger. Therefore, Defendant's motion for partial summary judgment [#24] is granted and Plaintiff's first claim for violation of ORS § 654.305 is dismissed.

IT IS SO ORDERED.

Dated this   4th    day of January, 2012.


 /s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

11 - OPINION & ORDER